RECEIVED **IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**FILED**

2003 OCT 27  A 11: 21

**NORTHERN DIVISION**

OCT 27 2003

**SANDRA HOLT, DEBRA GAWOR,** )
**POLLY SMITH, and JOANN** )
**MORRIS, on behalf of themselves** )
**and all others similarly situated,** )
　　　　　　　　　　　　　　　　 )
　　　　　　**Plaintiffs,** )
　　　　　　　　　　　　　　　　 )
**v.** )
　　　　　　　　　　　　　　　　 )
**RITE AID CORPORATION** )
　　　　　　　　　　　　　　　　 )
　　　　　　**Defendant.** )

**CLERK**
**U. S. DISTRICT COURT**
**MIDDLE DIST. OF ALA.**

**CIVIL ACTION NUMBER**
**CV-03-A-748-N**

## REPORT OF PARTIES' PLANNING MEETING

COME NOW, the parties, and file with the Court the following Report of

Parties' Planning Meeting pursuant to Federal Rule of Civil Procedure 26(f).

Plaintiffs assert claims on behalf of themselves and similarly situated Store

Managers and Assistant Store Managers as a collective action under Section

216(b) of the Fair Labor Standards Act (hereinafter "FLSA") against Rite Aid

Corporation (hereinafter "Rite Aid").  Plaintiffs seek unpaid compensation,

liquidated damages and/or pre-judgment interest to enforce the terms of the Fair

Labor Standards Act.  Rite Aid denies the existence of any group or class of

employees similarly situated to Plaintiffs, and it further denies that Plaintiffs'

claims possess any merit whatsoever.

13

The parties have conferred as further specified below, and propose that they first be permitted to establish a schedule to address whether, if at all, and to what extent this matter should proceed as a collective action, hereinafter the "pre-notice determination" period. If the Court permits an opt-in procedure, a new scheduling order will be submitted by the parties to address the claims of the opt-in-plaintiffs, if any. If the Court does not permit others to opt-in, the parties will then propose a scheduling order to complete discovery and establish a dispositive motions deadline consistent with trying this matter during the Court's August 16, 2004 trial term. Accordingly, the parties outline below their proposed pre-notice determination schedule for discovery and briefing of the issue of whether and to what extent this matter should proceed as a collective action.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on Monday, October 20, and Tuesday, October 21, 2003 and the following counsel participated:

Rocco Calamusa, Jr. on behalf of Plaintiffs Sandra Holt, Debra Gawor, Polly Smith and Joann Morris; and

Nancy E. Rafuse and Daniel E. Turner on behalf of Defendant Rite Aid Corporation.

2. Pre-Discovery Disclosures. The parties will exchange by Thursday, November 20, 2003, the information required by Local Rule 26.1(a)(1). The parties agree to exchange all relevant information relating to the named Plaintiffs

and to treat their claims as individual claims for purposes of responding to the

November 20, 2003 disclosures required by Local Rule 26.1(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following

plan:

a. Discovery concerning pre-notice determination issues will

commence on Monday, November 20, 2003, and will proceed involving the

allegations of Plaintiffs Holt, Gawor, Smith and Morris, and any declarants or

affiants from whom they intend to or do present testimony in support of their

Motion for Conditional Certification and Notice. Discovery will be limited to

identifying with specificity the claims of the Plaintiffs, and Plaintiffs' declarants

and affiants, if any, and to ascertain whether and to what extent, this matter should

proceed as a collective action, and to whom, if anyone, notice should be sent and

how. If the court permits other individuals to opt in, a separate deadline for

discovery related to opt-ins will be established and discovery should proceed on

the claims of the opt-in plaintiffs.

Plaintiffs agree to provide copies of all declarations and affidavits

currently in Plaintiffs' possession, custody and/or control on November 20, 2003,

and to supplement no less often than monthly thereafter. Plaintiffs agree to

provide to Defendant the names of all witnesses upon whom they will rely to

support their Motion for Conditional Certification and Notice at least thirty (30)

days before their Motion for Conditional Certification and Notice is due to be filed. Defendant agrees to provide to Plaintiffs the names of all witnesses upon whom they will rely to support their Opposition to Motion for Conditional Certification and Notice at least thirty (30) days before its opposition is due to be filed.

Defendant proposes that it be permitted to serve Interrogatories, Requests for Production of Documents and Requests for Admissions, as outlined below, on each declarant and affiant by and through Plaintiffs' counsel.

Defendant shall be permitted to depose each declarant and affiant prior to responding to Plaintiffs' Motion for Conditional Certification and Notice.

b. Maximum of 20 individual interrogatories by Defendant to each Plaintiff and 10 global interrogatories by Defendant to Plaintiffs. Maximum of 60 interrogatories by Plaintiffs to Defendant during the pre-notice discovery period. Responses due 33 days after service.

c. No current numerical limit on requests for production by each party to any other party, and by Defendant on Plaintiffs' affiants or declarants. Responses due 33 days after service.

d. The parties currently propose no numerical limit on the number of depositions each party may take because they cannot presently accurately assess the scope of this litigation. The parties agree to in good faith depose only those

witnesses necessary to issues relevant to the pre-notice determination stage of this litigation. Defendant will be permitted to depose all opt-ins, if the Court permits any opt-in Plaintiffs.

e. Reports from retained experts relating to pre-notice determination under Rule 26(a)(2) due:

from Plaintiffs, no later than thirty (30) days before their Motion for Conditional Certification and Notice is due to be filed. Defendant shall depose all such experts prior to serving Defendant's expert reports.

from Defendant, no later than sixty (60) days after Plaintiffs serve reports from retained experts. Plaintiffs shall have forty-five (45) days thereafter in which to depose Defendant's expert.

f. Supplementations under Rule 26(e), if necessary, should be made no less often than monthly until Defendant responds to Plaintiffs' Motion for Conditional Certification and Notice, and thereafter during the pre-notice determination stage as required by Rule 26(e).

g. Depositions shall be limited to seven hours, unless the parties consent otherwise or seek Court approval.

4. Motion for Conditional Certification and Notice.

Plaintiffs' Motion for Conditional Certification and Notice must be filed on or before February 12, 2004. Defendant will then have a reasonable

opportunity to depose any declarants or affiants from whom Plaintiffs present testimony in support of their Motion for Conditional Certification and Notice.

The parties agree in good faith to complete the depositions in a timely manner and to provide reasonable resources to complete the discovery of the affiants and declarants, as well as any other discovery, as soon as reasonably possible. Defendant's Response to Plaintiffs' Motion for Conditional Certification and Notice shall be due thirty (30) days after the last affiant and/or declarant is deposed, unless the parties agree otherwise.

Plaintiffs reply, if any, shall be due thirty (30) days after Defendant has filed its opposition.

5. Other Items.

a. The parties do not request a conference with the court before entry of this scheduling order.

b. The parties request a conference to be scheduled after the issue of conditional certification and notice to potential opt-ins has been resolved and the Court has determined the scope of this case.

c. Plaintiffs should be allowed to amend pleadings and join additional parties only in the manner specified and permitted by the Federal Rules of Civil Procedure.

d.  Defendant should be allowed to amend pleadings and join additional parties only in the manner specified and permitted by the Federal Rules of Civil Procedure.

e.  Settlement cannot be realistically evaluated at this time.

DATED this 24th day of October, 2003.

Respectfully Submitted,

**ASHE & RAFUSE LLP**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Nancy E. Rafuse, Esq.
Georgia Bar No. 621717
Daniel E. Turner, Esq.
Georgia Bar No. 719330

*Admitted Pro Hac Vice*

**LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.**
P.O. Box 11945
Birmingham, Alabama 35202-1945
Telephone: (205) 326-3002
Facsimile: (205) 326-3008

David J. Middlebrooks, Esq.

*Counsel for Defendant*
*Rite Aid Corporation*

**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
1400 SouthTrust Tower
Birmingham, Alabama 35203
Telephone: (205) 328-0640
Facsimile: (205) 254-1500

Rocco Calamusa, Jr., Esq.

*Counsel for Plaintiffs*